FIDELITY CORPORATION OF MICHIGAN v. POST.

1. CHATTEL MORTGAGES—MORTGAGOR MUST OWN PROPERTY MORT-GAGED.

A valid chattel mortgage may not be executed by anyone upon property which the mortgagor does not own.

2. SAME—AFTER-ACQUIRED PROPERTY.

In Michigan, a chattel mortgage may be given upon property in possession and property after-acquired in the usual course of business.

3. SAME—GARNISHMENT—AUTOMOBILES.

Creditor in garnishment proceeding who served writ on purchasers of automobile from dealer who had executed partially completed chattel mortgage to corporation covering cars he was to get from distributor with cash borrowed from mortgagee *held*, entitled to prior lien on amount owed dealer by purchasers as against claim of mortgagee which had not completed and filed mortgage at time writ was served, where the purchasers obtained clear certificate of title without knowledge of the mortgage and were not guilty of collusion with garnisheeing creditor.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 22, 1935. (Docket No. 136, Calendar No. 38,649.) Decided December 10, 1935.

Bill by Fidelity Corporation of Michigan, a Michigan corporation, against Arthur Post and others for an injunction and other relief. Decree for defendants. Plaintiff appeals. Affirmed.

*Clifford A. Mitts, Jr.,* for plaintiff.

*Allaben & Wiarda* and *Cornelius Wiarda,* for defendant Anderson.

*Leslie L. Davidson,* for defendants Williams.

POTTER, C. J.   Plaintiff filed its bill of complaint against defendants to restrain defendant Anderson from further prosecution of a suit against defendant Post, in which defendants Williams were garnishee defendants; to restrain defendant Anderson from collecting or attempting to collect any sum of money which defendants Williams admitted they owed de-

fendant Post, and restraining defendant Post from transferring or giving title to an Essex sedan involved herein; for an order that the money held by defendants Williams be turned over to plaintiff, and that such further sum as shall be owed to defendant Post be turned over to plaintiff; that defendants Williams be discharged from any obligation to defendant Post by reason of the trade and purchase of automobiles; that the sale and transfer of title to defendants Williams of a Plymouth de luxe sedan be set aside, and the same directed to be delivered to plaintiff; that plaintiff be permitted to foreclose its alleged chattel mortgage against defendants and have judgment for deficiency against the defendant Post; that defendants Williams be directed to return the Plymouth car to plaintiff; and for other relief.

Defendant Post owed defendant Anderson on a promissory note dated June 19, 1932, due one year after date. Nothing had been paid thereon. July 13, 1934, Anderson commenced suit on the note against Post and garnisheed the defendants Williams. This garnishment summons was served on the morning of July 14, 1934. Default judgment in favor of Anderson against Post was rendered August 14, 1934, for $549.15 damages, and costs taxed $27.60.

Defendants Williams in the garnishment disclosure made July 16, 1934, showed that at the date of the service of the writ they were indebted to defendant Post in the sum of $535 and also had in their hands and under their control a 1929 Essex automobile belonging to Post, both of which, according to the terms of an agreement for the purchase of a new Plymouth automobile which had been sold and delivered to them by Post, they owed him. June 29, 1934, Post sold defendant Lauren D. Williams a Plymouth automobile, and Williams was to turn in

his 1929 Essex sedan and pay $535 cash therefor on delivery. Post also had sold another Plymouth car to a Mr. Berry. To obtain these cars from the distributor, the Detroit-Chrysler Company, Post had to pay cash. July 12th, after being notified the Plymouth automobiles were ready for delivery, he borrowed of plaintiff $1,100. Plaintiff gave him its check payable to the Detroit-Chrysler Company. It was understood Post would collect from his two customers and repay the loan, with added charges, as soon as the deals were consummated.

The next day Post went to Detroit to get the two automobiles. Williams accompanied him to drive back his car. Williams had no knowledge the automobiles were being purchased with money loaned to Post by plaintiff. Defendant Post, in the presence of Williams, signed the application for certificate of title for the automobile sold to Williams containing the statement there was no lien against it.

The automobile was turned over to Williams at Detroit and driven back to his home in Sparta by him. The next morning after his return, Williams was served with a garnishment summons in the case of *Anderson* v. *Post*. There is no proof of collusion between the defendants Williams and Anderson.

The mortgage is claimed by plaintiff to have been made by Post on July 12, 1934, the day Post borrowed the money from plaintiff. The mortgage did not describe the two new Plymouth de luxe sedans by giving their motor or serial numbers. The automobiles had not yet been turned over to Post. He did not own them and could not mortgage what he did not own. After the writ of garnishment had been served on Williams, defendant Post telephoned the serial and engine numbers to plaintiff and they were inserted in the chattel mortgage which was filed with

the register of deeds July 17, 1934. On the same day, plaintiff instituted replevin against Williams to recover the automobile. The description in the affidavit was sufficient to cover either of the cars which Post had bought.

The automobile delivered to Williams by Post was seized on the writ of replevin, but released the next day upon his giving a bond. The replevin case was dismissed by stipulation October 18, 1934. Plaintiff then filed a petition to intervene as a claimant to the money which had been garnisheed in the case commenced by defendant Anderson against Post. Garnishee defendants Williams had paid the money into court promptly after their disclosure. A hearing was had on these intervention proceedings. Some question was raised as to the regularity of the intervention, under 3 Comp. Laws 1929, § 14884. This intervention proceeding was abandoned upon and by the filing of the bill of complaint herein. Plaintiff then filed this bill for the purposes above indicated.

Plaintiff claims that because it furnished Post the money with which to purchase the automobiles, it has an equitable lien on the amount due from the sale of one of these automobiles to Williams, it claiming that because it loaned Post the money with which to purchase the automobiles and took from him a chattel mortgage covering the automobiles to be purchased, it acquired a lien thereto or on the proceeds of the sale thereof to defendants Williams.

The affidavit attached to the chattel mortgage in accordance with 3 Comp. Laws 1929, § 13424, only applied to two unidentified and undesignated new Plymouth de luxe sedans. This affidavit was not reexecuted after the acquisition of the automobiles so as to identify them by serial or engine numbers. Defendant Post did not own either of the Plymouth

de luxe sedans at the time he made and executed the mortgage. At the time he telephoned the engine and serial numbers to plaintiff enabling it to alter the mortgage by inserting the identifying numbers, defendant Post had already parted with the title to the car sold to Williams, had delivered it to Williams, and made the necessary affidavit to procure a certificate of title showing the automobile was free from liens.

The question here involved is whether any lien which the plaintiff might have acquired by its chattel mortgage is superior to the lien which Anderson obtained against the money of defendant Post and defendants Williams by reason of the judgment obtained by him against Post in his original suit upon the promissory note and the judgment recovered by him against defendants Williams in the ancillary proceedings for garnishment.

There are many cases involving the priority of liens. It seems to be elementary, however, that a valid chattel mortgage may not be executed by anyone upon property which the mortgagor does not own. It is true that in this State a chattel mortgage may be given upon property in possession and property after-acquired in the usual and ordinary course of business.

Defendants Williams obtained delivery of the automobile in question from Post at a time when there was no chattel mortgage of record and before the identifying numbers of the automobile which they acquired were inserted in the chattel mortgage given to plaintiff, and by this delivery of the automobile and the title thereto to defendants Williams, under the circumstances, they became the *bona fide* owners thereof. They were liable to pay therefor. They had made the contract with defendant Post

and owed Post $535 in cash and the Essex sedan. At this time Anderson instituted suit against Post and ancillary garnishment proceedings against defendants Williams. Defendants Williams owed Post the Essex sedan and the $535, and so disclosed their liability.

We think the trial court was correct in his conclusion that inasmuch as Anderson was first in fastening a lien on the fund by garnisheeing defendants Williams, it is merely a case of the "early bird catching the worm;" and that where two unsecured creditors seek to reach the same fund, the race is to the swift, and that the bill of complaint was properly dismissed.

Decree of the trial court is affirmed, with costs.

NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. NELSON SHARPE, J., did not sit.